# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH DECKER,

    Plaintiff,

    v.

BOROUGH OF HUGHESTOWN,
PAUL HINDMARSH, and
ROBERT LEOMBRUNI,

    Defendants.

Civil Action No. 3:09-cv-1463

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss (Doc. 10) Plaintiff's Amended Complaint (Amend. Compl., Doc. 9) by Defendants the Borough of Hughestown, Paul Hindmarsh, and Robert Leombruni. For the reasons discussed below, the Defendants' motion will be granted in part, dismissing a portion of the Plaintiff's complaint. The case is brought under 42 U.S.C. § 1983. Jurisdiction exists under 28 U.S.C. § 1331 ("federal question").

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff Joseph Decker ("Decker") placed a sign on his truck which read, "If your [sic] in America and can't speak English, get the fuck out!" (Amend. Compl. ¶ 12.) Decker's truck was driven on the public roads and throughways of the Commonwealth of Pennsylvania. (*Id.*.) Patrolman Robert Leombruni ("Leombruni") issued a non-traffic citation for disorderly conduct under 18 P.S. § 5503(a)(3) to Decker because of the sign. (*Id.*) This charge was

ultimately dropped. (*Id.* ¶ 13.) "The citation also fueled a number of retaliatory acts by the public against Mr. Decker and caused him and his family great cost and distress." (*Id.* ¶ 15.) Retaliatory acts included damages to Decker's vehicle, harassment by phone, and an attempted knife attack by a woman. (*Id.* ¶ 16-17.)

Patrolman Leombruni was at all relevant times an officer of the Hughestown Police Department. (Amend. Compl. ¶ 6.) Defendant Paul Hindmarsh ("Hindmarsh") was at all relevant times the mayor of Hughestown, and was responsible for creating, implementing, and enforcing regulations and policies for the Hughestown police regarding First Amendment situations. (*Id.* ¶ 7.) "Defendants failed to train officers to implement Disorderly Conduct charges within the bounds of the First Amendment, thereby creating a policy that is unconstitutionally overbroad and vague in its implementation." (*Id.* ¶ 23.) In the alternative, the Defendants used the citation as a viewpoint based restriction against the Plaintiff's message. (*Id.* ¶ 26.)

Decker filed this action on July 29, 2009. (Doc. 1.) Decker filed an amended complaint on August 31, 2009. (Doc. 9.) On September 14, 2009, the Defendants filed the present Motion to Dismiss the Amended Complaint. (Doc. 10.) This motion has been briefed by both sides and is now ripe for disposition.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. PRO. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the

complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Decker's Amended Complaint contains three counts: (1) Count I, alleging violations of his First Amendment rights by Defendants Hindmarsh and the Borough of Hughestown; (2) Count II, alleging violations of his First Amendment rights by all Defendants; (3) Count III, alleging violations of his Fourteenth Amendment due process rights by all Defendants. As to Counts I and II, the Defendants' motion argues that there may be no liability for Defendants Hindmarsh and Hughestown based upon a *respondeat superior* theory of liability. The Defendants' motion also argues that Count III should be dismissed for failure to state a claim and that any claims for punitive damages should be dismissed against all of the Defendants. The Defendants' motion will be granted in part and denied in part as discussed below.

4

**I. Municipal Liability Under Section 1983**

Section 1983 provides redress for individuals whose constitutional rights are violated by governmental actors.[1] Under § 1983, municipal liability cannot be established under the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Instead, liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*.

There are three (3) instances when the constitutional tort of a municipal employee satisfies the requirements of *Monell* liability. *McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005). First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure long accepted within the government entity. *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Second, a municipality is liable for the actions of an employee when the employee has final policy-making authority, rendering his behavior an act of government policy. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). Finally, a municipality is liable for the actions of its employee when an official with authority has ratified the unconstitutional actions of the subordinate, rendering the action official. *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127

---

[1] 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

(1988)).

The Defendants argue correctly that liability cannot exist for Hindmarsh and Hughestown under a theory of *respondeat superior* for the alleged actions of Leombruni. Decker's Amended Complaint, however, does not allege that Hindmarsh and Hughestown are liable simply because of Leombruni's conduct. Decker instead advances two theories of liability: (1) that Hindmarsh, and thus Hughestown, created a policy of using disorderly conduct citations as a viewpoint based restriction (Amend. Compl. ¶ 25, 27); and (2) that Hindmarsh, and thus Hugestown, was deliberately indifferent and failed to train Hughestown police officers on proper procedures to protect First Amendment expression (*Id.* ¶ 33). Each of these two theories states a claim for liability for Defendants Hindmarsh and Hughestown.

Decker's first allegation is that there was an official policy in Hughestown which caused his constitutional rights to be violated. In order to impose municipal liability under such a theory, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Monell*, 436 U.S. at 694. There is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss. *Carter v. City of Philadelphia*, 181 F.3d 339, 358 (3d Cir. 1999). Decker alleges that Hindmarsh was a final policy-maker for Hughestown who created regulations and polices for the Hughestown police officers including the use of disorderly conduct citations to suppress unwanted speech. (Amend. Compl. ¶ 7.) The creation of a policy which causes constitutional violations can provide liability for Hindmarsh. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Similarly, since Hindmarsh was a final policy-maker for Hughestown, Hughestown may be held liable if the enforcement of its policy caused constitutional violations. *Jett v. Dallas*

*Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).  Decker's first theory of liability is sufficient to state a claim against Hindmarsh and Hughestown.

Decker also argues correctly that liability may also attach to the municipality under a "failure to train" theory. "Where, as here, the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999).  As the U.S. Supreme Court has explained, only in circumstances exhibiting deliberate indifference "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). For a failure to train to amount to deliberate indifference, "it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id*.  This third prong, stated another way, requires a causal nexus, in that the "identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005) (citations omitted).

Decker alleges that the Defendants "knew or should have known of Plaintiff's right to express himself in such a manner." (Amend. Compl. ¶ 24.)  Assuming that the Defendants knew of an individual's right to express themselves "in such a manner," it is reasonable that: (1) the municipal policy-makers knew that police officers would confront similar situations

7

when enforcing the disorderly conduct statute;[2] (2) that officers would be required to make a difficult choice as to whether the "obscene language" which violates the disorderly conduct statute is protected by the First Amendment; and (3) the wrongful issuance of a citation could frequently cause the deprivation of First Amendment rights. At this stage of the proceedings, Decker's allegations are sufficient to state a claim based upon the deliberate indifference.

Because Decker provides two theories of liability not based on *respondeat superior*, Defendants' motion to dismiss as to the liability of Defendants Hindmarsh and Hughestown will be denied.

**II. Due Process**

Decker does not specify whether his claims rest on the substantive or the procedural component of the Fourteenth Amendment's Due Process Clause, so for the purposes of the motion to dismiss I will consider both. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In *Albright*, the Supreme Court rejected a Fourteenth Amendment due process claim where the claim could have been brought under the protections of the Fourth Amendment. *Albright*, 510 U.S. at 274. Similarly, the First Amendment provides an explicit textual source of constitutional protection to Plaintiff, so any reliance on the substantive component of the Due Process Clause is misplaced. *See e.g.,*

---

[2] 18 P.S. § 5503(a) states: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . (3) uses obscene language, or makes an obscene gesture."

8

*Pagan v. Calderon*, 448 F.3d 16, 34 (1st Cir. 2006) ("It is the First Amendment, not the Fourteenth Amendment, that guards individuals against state-sponsored acts of political discrimination or retaliation.") Because Decker's rights are protected by the First Amendment, and indeed he has brought such a claim under the First Amendment in this case, there is no cause of action under substantive due process.

Based on the same principle, Decker's claim under the procedural component of the Due Process Clause also fails. Decker alleges that he has a protected "liberty interest" in exercising his First Amendment rights. Such a cause of action, however, would effectively duplicate his claims under Counts I and II. This claim under the procedural component of the Due Process Clause is redundant. Decker has not stated a claim upon which relief can be granted for violation of his rights under the Due Process Clause. The Defendants' motion will be granted as to Count III and this claim will be dismissed.

## III. Punitive Damages

Each count in Decker's Amended Complaint alleges violations of federal law under 42 U.S.C. § 1983. Punitive damages are not available against municipalities in Section 1983 claims. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Decker sues both individual defendants only in their official capacities. (Amend. Compl. ¶ 8.) The Supreme Court has instructed that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Punitive damages are therefore also not available against Defendants Hindmarsh and Leombruni. Because claims of punitive damages may not be brought against a municipality, including claims against those acting in their official capacity, the Defendants' Motion to Dismiss will

be granted as to claims for punitive damages.

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motion in part, and deny it in part. Specifically, Decker's claims at Count III (due process) and for punitive damages will be dismissed.

An appropriate Order follows.

| | |
|---|---|
|   November 25, 2009   |   /s/ A. Richard Caputo   |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH DECKER,

    Plaintiff,

        v.

BOROUGH OF HUGHESTOWN,
PAUL HINDMARSH, and
ROBERT LEOMBRUNI

    Defendants.

Civil Action No. 3:09-cv-1463

(JUDGE CAPUTO)

## ORDER

**NOW**, this  25th  day of November, 2009, **IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10) by Defendants the Borough of Hughestown, Paul Hindmarsh, and Robert Leombruni is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Defendants Hindmarsh and Hughestown under Counts I and II, the Defendants' Motion to Dismiss will be **DENIED**.

(2) As to Count III the Defendants' Motion to Dismiss will be **GRANTED**.

(3) As to all claims for punitive damages, the Defendants' Motion to Dismiss will be **GRANTED**.

                                         /s/ A. Richard Caputo
                                         A. Richard Caputo
                                         United States District Judge